**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rimoni Pologa-Seiuli,<br><br>              Plaintiff,<br>vs.<br><br>Robert Rice, et al.,<br><br>              Defendants. | No. CV-20-02359-PHX-SPL (ESW)<br><br>**ORDER** |

      Plaintiff Rimoni Pologa-Seiuli has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Honorable Eileen S. Willett, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 22), recommending the Court dismiss without prejudice Defendant Robert Rice from Plaintiff's Complaint for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff has filed an objection to the R&R (Doc. 25).

      A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1118–19 (9th Cir. 2003);

28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621–622 (9th Cir. 2000).

In the R&R, the Magistrate Judge recommends that Defendant Rice be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, reasoning that Plaintiff has not provided the U.S. Marshals Service ("USMS") with sufficient information to effect service on Defendant Rice or good cause as to why Defendant Rice should not be dismissed for failure to timely serve. Although Plaintiff has objected to the R&R, his objection does not point to any specific flaw in the Magistrate Judge's analysis or findings. Instead, he explains that he provided all of the information he has on Defendant Rice's location, which is where he was employed at the time of the alleged incident.[1] He further states that if he cannot proceed against Defendant Rice, he intends to move forward against Defendant Perez. Ultimately, the circumstances identified by Plaintiff do not qualify as good cause to excuse the delay. Accordingly,

**IT IS ORDERED** that Magistrate Judge Eileen S. Willett's Report and Recommendation (Doc. 22) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint as to Defendant Rice is **dismissed without prejudice** for failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m).

///

///

///

---

[1] The process receipt notes that Defendant Rice no longer works at the Saguaro Correctional Center (Doc. 10).

**IT IS FURTHER ORDERED** that this matter shall remain referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 3rd day of September, 2021.

*[signature]*
Honorable Steven P. Logan
United States District Judge