**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rimoni Pologa-Seiuli,<br><br>                    Plaintiff,<br><br>vs.<br><br>Robert Rice, et al.,<br><br>                    Defendants. | No. CV-20-02359-PHX-SPL<br><br>**ORDER** |

Before the Court are three pending motions *in limine* and responses: Plaintiff's Motion in Limine Regarding Plaintiff's Criminal Proceedings and Conviction for Aggravated Assault (Doc. 86) and Defendant's Response (Doc. 92), Plaintiff's Motion in Limine Regarding Plaintiff's STG Affiliation (Doc. 88) and Defendant's Response (Doc. 94), and Plaintiff's Motion in Limine Regarding Plaintiff's SCC Disciplinary Record (Doc. 89) and Defendant's Response (Doc. 95). Each motion was fully briefed on or before September 25, 2024. On October 23, 2024, the Court held a final pretrial conference and heard oral argument on all the pending motions. The Court's rulings are as follows.

**I.      BACKGROUND**

This is an Eighth Amendment excessive force case brought pursuant to 42 U.S.C. § 1983. Plaintiff Rimoni Pologa-Seiuli ("Plaintiff") is an inmate in the legal custody of the State of Hawaii Department of Public Safety who, during the relevant period, was incarcerated at the Saguaro Correctional Center ("SCC") in Eloy, Arizona. (Doc. 84 at 1). Defendant Armando Perez ("Defendant," "Perez," or "Officer Perez"), during the relevant

period, served as the Security Threat Group ("STG") Lieutenant and Assistant Shift Supervisor at SCC. (Doc. 81 at 3). Plaintiff contends that Perez, who was acting within the course and scope of his employment at SCC, used excessive force in violation of the Eighth Amendment after Plaintiff exited his cell during an attempted cell extraction on June 12, 2019. (Doc. 84 at 2; Doc. 81 at 2–3). Plaintiff argues that Perez acted "maliciously and sadistically" by utilizing certain handling techniques against him, including striking him in the back several times and causing injuries to Plaintiff's face, severe and long-lasting injuries to his back, and continuing mental anguish from the incident. (Doc. 84 at 2). Perez denies those claims and argues that the force used against Plaintiff was reasonable and necessary based on the totality of the circumstances. (*Id.*).

**II.     DISCUSSION**

**1.     Plaintiff's Motion in Limine Regarding Plaintiff's Criminal Proceedings and Conviction for Aggravated Assault (Doc. 86). Defendant's Response (Doc. 92).**

First, Plaintiff seeks exclusion of evidence of Plaintiff's criminal proceedings for aggravated assault on a corrections officer at trial, either through exhibits or by testimony. (Doc. 86 at 3). Defendant's proposed exhibits 125–29, and portions of exhibit 135, all include information about Plaintiff's conviction for aggravated assault on a corrections officer during the June 12, 2019 cell extraction at issue in this case. (Doc. 86 at 1; Doc. 92 at 1). The proposed exhibits at issue include the complaint, indictment, plea, sentencing, and conviction documents from criminal proceedings in Pinal County Superior Court (CR201901899). (Doc. 86 at 1–2).[1]

---

[1] The proposed exhibits at issue, which are attached to Doc. 86, include the criminal complaint (Ex. 125), the indictment (Ex. 126), the plea agreement (Ex. 127), a minute entry for Plaintiff's change of plea and sentencing (Ex. 128), and a copy of the judgment (Ex. 129). Exhibit 135 includes copies of all the aforementioned documents, as well as a few additional documents, such as the Plaintiff's conditions of release and a transport order for his arraignment proceedings.

1  On June 12, 2019, prior to Defendant Perez's alleged use of excessive force, Plaintiff exited his cell and struck Corrections Officer Rice in the jaw. (Doc. 92 at 1–2). Plaintiff ultimately pled guilty to Aggravated Assault on a Corrections Officer and stipulated to a prison sentence of 1.5 years. (*Id.* at 2). Plaintiff has stipulated to the admissibility of evidence showing that he assaulted Officer Rice and received a disciplinary violation for doing so. (*Id.*). Plaintiff argues that (1) the criminal records are not relevant to Plaintiff's excessive force claim, and (2) the risk of undue prejudice under Rule 403 outweighs the probative value of the records. (Doc. 86 at 2). On the other hand, Defendant argues that (1) the criminal conviction is relevant to Perez's perception of the events that occurred on June 12, 2019, including his knowledge that Plaintiff had assaulted Officer Rice, which justifies Perez's use of force to prevent further injury; (2) the criminal conviction is relevant to rebut Plaintiff's claim for emotional distress damages, because Plaintiff's additional 1.5-year sentencing "shows that *Plaintiff* contributed to his own distress and/or loss of enjoyment of life, not Defendant;" (3) the evidence is admissible under Rule 404(b) to prove Plaintiff's intent to harm Officer Rice and potential bias or motive to file this lawsuit; and (4) the evidence is admissible to impeach Plaintiff's credibility under Rules 607, 608(b), and 609, because if Plaintiff testifies that he was "confused" and "disoriented" when he ran out of his cell, the fact that he struck Officer Rice in the jaw shows that he was neither confused or disoriented, and that he left his cell with the intent to assault an officer. (Doc. 92 at 2–3).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

As a preliminary matter, it is clear that the fact that Plaintiff ran out of his cell and

3

1  struck Officer Rice is relevant to the matter at hand, given that it took place just before
2  Plaintiff's altercation with Perez, and given that Officer Rice is one of the witnesses who
3  may be called at trial by either Plaintiff or Defendant. (Doc. 81 at 16, 23). Defendant is
4  correct that the assault on Officer Rice is relevant to Perez's perception of the events that
5  occurred and could make it more probable that his use of force was justified and appropriate
6  under the circumstances. (Doc. 92 at 2). However, it is a separate question whether the
7  *criminal conviction* arising out of the assault is relevant or otherwise admissible in this case.

8        Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence
9  if its probative value is substantially outweighed by a danger of one or more of the
10 following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting
11 time, or needlessly presenting cumulative evidence." A decision regarding probative value
12 must be influenced by the availability of other sources of evidence on the point in question.
13 *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of
14 very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a
15 modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States*
16 *v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

17       Here, Plaintiff is correct that putting forth evidence of his criminal conviction, which
18 occurred just prior to the altercation out of which his excessive force claim arises, could
19 "inflame the passions of the jury such that they find against Plaintiff because of his
20 conviction." (Doc. 86 at 2). Regardless of what happened between Plaintiff and Officer
21 Rice, Plaintiff should be given a fair opportunity to present his case that Officer Perez used
22 excessive force against him. Additionally, presenting evidence of Plaintiff's criminal
23 conviction is needlessly cumulative given that Plaintiff has already stipulated to admitting
24 that he struck Officer Rice and received a disciplinary report for it, and given that video
25 evidence will show the very same. (Doc. 81 at 38).

26       Defendant presents additional reasons to consider admitting evidence related to
27 Plaintiff's criminal conviction. First, there is his argument under Rule 404(b) that the
28 evidence can be used to prove Plaintiff's intent to harm Officer Rice. Federal Rule of

Evidence 404 prohibits the admission of evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Ninth Circuit has indicated that "Rule 404(b) is a rule of inclusion—not exclusion," and that once it has been established that evidence serves one of the listed purposes, it should only be excluded for one of the reasons described in Rule 403 (unfair prejudice, confusion of the issues, misleading the jury, etc.). *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007).

If Officer Rice were still a Defendant in this case, it might be true that evidence of Plaintiff's conviction would be suitably admitted under Rule 404(b)(2) to show Plaintiff's intent to harm him; however, Officer Rice was dismissed from this case for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 27). It is unclear how Plaintiff's alleged intent to harm Officer *Rice* is relevant to showing an intent to harm Officer *Perez* without engaging in the forbidden two-step propensity inference that Rule 404 specifically prohibits (i.e., that because Plaintiff had an intent to harm Officer Rice, he is a bad and violent person, and because he is a bad and violent person, he had an intent to harm Officer Perez, which would justify Officer Perez's use of force to subdue him). *See, e.g.*, Mueller & Kirkpatrick, 1 Federal Evidence § 4:28 (4th ed.) ("The thing to avoid is to allow a jury to draw the deadly and decidedly improper two-step inference, from bad act to bad person, and from bad person to guilt of the charged offense, or give way to the emotional impulse to punish because the other act alone shows that punishment is deserved.").

Although the *facts* underlying Plaintiff's criminal conviction—which Plaintiff has already stipulated to admitting—are relevant, the criminal conviction itself is not, and could not be, relevant to Officer Perez's perception of the events on June 19, 2019, given that Plaintiff was obviously not convicted yet. However, Defendant argues that the guilty plea in Plaintiff's criminal case shows both the "magnitude" of his conduct toward Officer Rice

(as it "warrant[ed] referral to local law enforcement"), and also shows that Plaintiff "acted with the requisite intent to assault Officer Rice," which is relevant to Officer Perez's perception of the situation, and therefore relevant to his subjective intent at the time that the June 19, 2019 incident occurred. (Doc. 92 at 2).

This argument is unavailing. Officer Perez, at the time of the June 19, 2019, had no way of knowing Plaintiff's intent; he would only have known the facts of the situation before him (namely, that Plaintiff had run out of his cell and struck Officer Rice). Whatever Plaintiff's guilty plea or criminal conviction might say about Plaintiff's intent to harm Officer Rice, that has no bearing on Officer Perez's perception of the situation as it occurred, and it is therefore irrelevant under Rule 401. Furthermore, admission of the criminal conviction would be highly prejudicial under Rule 403. Given that the criminal conviction arose out of the same June 19, 2019 incident that gave rise to the instant case, admitting the conviction could mislead the jury into thinking that Plaintiff has already tried some part of this case and lost, even though Plaintiff's present Eighth Amendment claim is entirely separate from his criminal proceedings.

However, Defendant also claims that the criminal conviction is relevant to Plaintiff's claims for emotional distress damages, and that defense counsel should be able to use evidence of the criminal conviction for impeachment purposes if necessary to attack Plaintiff's credibility on the stand. (Doc. 92 at 2–3). Federal Rules of Evidence 607, 608, and 609 all pertain to the impeachment of witnesses. Rule 609 specifically pertains to impeachment of a witness's character for truthfulness by evidence of a criminal conviction. The rule dictates that for a crime punishable by imprisonment for over a year, the evidence "must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1)(A). Plaintiff confirmed at the hearing that he had no intention of arguing that his loss of enjoyment of life is due to being "sentenced to an additional 1.5 year-sentence as a result of *his* assault on Officer Rice," (Doc. 92 at 2), contrary to Defendant's contention. (ME 102). If Plaintiff does try to raise this argument at trial, Defendant may challenge it by moving to introduce evidence regarding Plaintiff's criminal conviction at that time. Defendant is also entitled to

introduce evidence of the criminal conviction if it becomes necessary to impeach Plaintiff's testimony on the stand. Besides these limited purposes, which may or may not even arise at trial, Defendant may not introduce evidence of Plaintiff's criminal conviction given its limited relevance and highly prejudicial nature.

Therefore, Plaintiff's Motion (Doc. 86) will be **granted as modified.** Defendant may only seek to introduce evidence of the criminal conviction at trial if necessary for impeachment purposes pursuant to Rule 609, or if Plaintiff raises a claim for emotional distress damages based on his additional 1.5-year sentence. If introduction of the conviction becomes necessary for one of these limited purposes, Plaintiff may seek a limiting instruction pursuant to Rule 105.

### 2. Plaintiff's Motion in Limine Regarding Plaintiff's STG Affiliation (Doc. 88). Defendant's Response (Doc. 94).

Next, Plaintiff asks the Court to preclude any evidence or testimony regarding Plaintiff's affiliation with Security Threat Group ("STG"). (Doc. 88 at 1). The excessive force incident that gave rise to Plaintiff's claim occurred while Defendant Perez was acting as the STG Lieutenant at SCC, where Plaintiff was housed (*Id.*), and the Joint Proposed Pretrial Order includes a material fact not admitted that "Plaintiff is a self-admitted and verified member of the STG 'Hella Vella'" (Doc. 81 at 3). Plaintiff argues that (1) Plaintiff's STG affiliation is not relevant to his excessive force claim; (2) that Plaintiff's STG affiliation is improper character evidence and/or improper evidence of another crime, wrong or act under Rules 404(a)(1) and 404(b)(1), respectively; and (3) that Plaintiff's STG affiliation would be unfairly prejudicial under Rule 403. (Doc. 88 at 2).

Defendant makes a compelling argument that Plaintiff's STG affiliation is relevant to Defendant's subjective perception of Plaintiff's dangerousness, which could help the jury determine whether he exercised reasonable or excessive force under the circumstances. *See Hoard v. Hartman*, 904 F.3d 780, 790 (9th Cir. 2018) (finding that the "core inquiry" in an Eighth Amendment excessive force case "is whether the defendant officers acted in bad faith with the intent to harm the inmate") (citation omitted); *Stevenson v. Holland*, 504 F.

Supp. 3d 1107, 1138 (E.D. Cal. 2020) ("While an inmate's status as a gang member could carry additional risks for custodial officers in many ways and contexts, risk based on a reasonable perception of that status must directly relate to the incidents at issue."). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. It appears that Defendant Perez will present evidence and/or testify regarding his specialized role as an STG Lieutenant in order to illustrate his subjective state of mind when exercising force against Plaintiff. (Doc. 94 at 3).

However, "it is well-established that gang affiliation evidence presents a very high danger of substantial prejudice." *Stevenson*, 504 F. Supp. 3d at 1138 (citing *Kennedy v. Lockyer*, 379 F.3d 1041, 1055–1056 (9th Cir. 2004) ("Our cases make it clear that evidence relating to gang involvement will almost always be prejudicial . . . .")); *see also Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 602 (9th Cir. 2016) (finding that evidence of a plaintiff's gang affiliation in a Section 1983 case was unduly prejudicial under Rule 403). To offset the prejudicial nature of this evidence, Defendant has agreed "not to offer evidence and/or inquire into the nature of the gang, its history, other members, activities, or Plaintiff's participation in specific gang activities unless Plaintiff opens the door." (Doc. 94 at 4). Additionally, Defendant argues that potential prejudice can be avoided through the *voir dire* process. (*Id.*).

Plaintiff is also concerned about the use of Plaintiff's gang affiliation as improper character evidence under Rule 404. The Rule prohibits the admission of evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Defendant argues that even if Plaintiff's STG affiliation were a crime, wrong, or other act within the meaning of Rule 404, "Defendant does not intend to admit evidence regarding Plaintiff's STG affiliation to prove a character trait or to

show that he acted in accordance with that character trait during the June 12, 2019, cell extraction." (Doc. 94 at 2). Instead, Defendant argues that the evidence is relevant and material to Defendant's subjective intent in exercising force against Plaintiff, because it shows "Defendant's perception of Plaintiff's potential dangerousness given his specialized knowledge regarding STG behavior." (*Id.*). Additionally, Defendant argues that Plaintiff's STG affiliation establishes the nature of their relationship and prior interactions, given that Defendant Perez was SCC's STG Lieutenant and closely monitored Plaintiff's behavior. (*Id.* at 3). Finally, Defendant argues that the STG affiliation is admissible under Rule 404(b) to show Plaintiff's motive or bias in filing this lawsuit, and that it may be used as impeachment evidence to attack Plaintiff's credibility at trial. (*Id.*).

The probative value of Plaintiff's STG affiliation to Defendant Perez's subjective intent at the time of the June 12, 2019 incident weighs toward admissibility, despite the risk of prejudice to Plaintiff by casting him as a "gang member" before the jury. To try to offset that prejudice, Plaintiff may seek a limiting instruction pursuant to Rule 105 that would limit the jury's consideration of Plaintiff's gang affiliation to determining Defendant Perez's subjective intent during the cell extraction at issue. *See, e.g.*, *Stevenson*, 504 F. Supp. 3d at 1138 ("[A]ny admission of gang affiliation evidence must be strictly limited to Defendants' testimony as to their states of mind.").

For these reasons, Plaintiff's Motion (Doc. 88) will be **denied without prejudice**. Plaintiff may re-raise his arguments at trial if Defendant attempts to introduce evidence of his gang membership to make a forbidden propensity argument; at present, however, the Court agrees that Plaintiff's STG affiliation is directly relevant to Officer Perez's subjective state of mind during the June 12, 2019 altercation at issue, and the probative value of that evidence is not substantially outweighed by the dangers listed under Rule 403.

    **3.**    **Plaintiff's Motion in Limine Regarding Plaintiff's SCC Disciplinary Record (Doc. 89). Defendant's Response (Doc. 95).**

Finally, Plaintiff asks this Court to exclude various proposed exhibits that include evidence of Plaintiff's disciplinary infractions while incarcerated. (Doc. 89 at 1).

Specifically, Defendant's proposed exhibits 116–22, as well as portions of proposed exhibit 135, include disciplinary reports regarding Plaintiff's infractions between October 2019 and October 2020; proposed exhibit 124 documents Plaintiff's housing transfers and disciplinary violations; and proposed exhibits 135, 137, and 138 document Plaintiff's disciplinary violations in a list format. (*Id.* at 1–2). Plaintiff argues that any disciplinary events occurring after the June 12, 2019 incident are barred by Rule 404(b)(1), are not relevant to Plaintiff's excessive force claim, and are outweighed by the danger of unfair prejudice under Rule 403. (*Id.* at 2–3).

Defendant argues that Plaintiff's pre-June 12, 2019 incident disciplinary records, at least, are relevant to the case. (Doc. 95 at 2). Specifically, Defendant cites to a May 2, 2019 disciplinary incident where Defendant observed Plaintiff fighting other inmates in a shower stall, and Plaintiff was then transferred to a Restrictive Housing Unit, where he "became an increasing management problem and acquired numerous additional disciplinary reports for non-compliance with facility rules." (*Id.* at 3). Defendant argues that this factual context "must come in to establish why Defendant was present for the cell extraction, why he involved himself in the extraction, and why he continued to utilize force once Plaintifff was taken to the ground and refused to submit to restraints." (*Id.*). Additionally, Defendant argues that this evidence should come in under Rule 404(b) to demonstrate Plaintiff's bias or motive in bringing this lawsuit, because Defendant issued the disciplinary report that placed Plaintiff in restrictive housing to begin with. (*Id.* at 4).

      *i.*   *Proposed Exhibits 116–22*

Defendant's proposed exhibits 116–22 are irrelevant to the case at hand and are at risk of being used to make an improper character inference under Rule 404(b)(1), because the exhibits all pertain to disciplinary infractions that occurred *after* the June 12, 2019 cell extraction at issue. Defendant states that he would only seek to admit these records as impeachment evidence if Plaintiff takes the position that he is a "model inmate" at trial. (Doc. 95 at 2). Plaintiff's Motion (Doc. 89) will be **denied without prejudice** as to these proposed exhibits given that it does not appear that Defendant will attempt to introduce

them into evidence at trial. However, if Defendant tries to introduce these exhibits for non-impeachment purposes, Plaintiff may re-raise his arguments at that time.

        ii. *Proposed Exhibit 124*

Proposed exhibit 124 is a Housing History Report, which documents Plaintiff's housing transfers between 2018 and 2021. The exhibit includes an entry for May 2, 2019, noting that the reason for his move on that date was "Placed segregation." (Doc. 89-1 at 3). This tends to support Defendant's proposed testimony regarding the May 2, 2019 disciplinary infraction issued by Defendant against Plaintiff, and it is therefore relevant to the case at hand. However, Defendant has presented no reason the Court should admit the portions of the Housing Report that took place after the June 12, 2019 incident. At the hearing, Plaintiff indicated that he was amenable to stipulating to the admissibility of this exhibit if Defendant agrees to redact the portion of the document that took place after June 2019. (ME 102). Therefore, Plaintiff's Motion (Doc. 89) will be **denied without prejudice** as to this exhibit, with the expectation that the parties will be able to stipulate to a redacted version of proposed exhibit 124 if necessary.

        iii. *Excerpts of Proposed Exhibit 135*

The excerpts of proposed exhibit 135 that are attached to Plaintiff's Motion include various progress reports made to the State of Hawaii regarding Plaintiff's disciplinary infractions. The documents at Bates stamps CC-POLOGA001448–51 (Doc. 89-1 at 44–47) document disciplinary infractions that occurred prior to the June 12, 2019 incident, while the rest of the excerpts (CC-POLOGA001440–47, CC-POLOGA001561–91 (Doc. 89-1 at 36–43, 49–79)) are progress reports issued after the incident and include later disciplinary infractions that are irrelevant to the case at hand. The Court agrees with Defendant that the pre-June 12, 2019 disciplinary records (Bates stamps CC-POLOGA001448–51 (Doc. 89-1 at 44–47)) are relevant to the instant matter, because they help establish why Officer Perez was present at the scene of the June 12, 2019 incident. (Doc. 95 at 3). Again, Defendant argues that they do not intend to introduce post-incident disciplinary infractions (Bates stamps CC-POLOGA001440–47, CC-POLOGA001561–91 (Doc. 89-1 at 36–43, 49–79))

except if necessary as impeachment evidence. Therefore, Plaintiff's Motion (Doc. 89) will be **denied without prejudice** as to these excerpts.

        *iv.*    *Proposed Exhibits 137–38*

These exhibits are progress reports to the State of Hawaii that document Plaintiff's pre-June 12, 2019 disciplinary infractions. These documents appear duplicative of the documents at Bates stamps CC-POLOGA001448–51 (Doc. 89-1 at 44–47). In fact, proposed exhibit 138 (CC-POLOGA001206–07 (Doc. 89-1 at 84–85)) appears to be an exact copy of the document that appears at Bates stamps CC-POLOGA001448–49 (Doc. 89-1 at 44–45). Defense counsel indicated at the hearing that they would be amenable to stipulating to the exclusion of these exhibits if they are indeed identical. (ME 102). Therefore, Plaintiff's Motion (Doc. 89) will be **denied without prejudice** as to these exhibits. Plaintiff's counsel and defense counsel may choose to meet and confer and stipulate to the exclusion of these exhibits as duplicative of other documents in the record.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion in Limine Regarding Plaintiff's Criminal Proceedings and Conviction for Aggravated Assault (Doc. 86) is **granted as modified** in accordance with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine Regarding Plaintiff's STG Affiliation (Doc. 88) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine Regarding Plaintiff's SCC Disciplinary Record (Doc. 89) is **denied without prejudice.**

Dated this 24th day of October, 2024.

                                                Honorable Steven P. Logan
                                                United States District Judge